UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:08-CR-130-GFVT-3 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JESSICA VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court, on referral, *see* DE #94, considers reported violations of supervised release

conditions by Defendant Jessica Vaughn. This District originally convicted Defendant for

distributing a quantity of pills containing Hydrocodone , in violation of 21 U.S.C. §§ 841(a)(1). *See*

DE #87 (Judgment) (September 9, 2009). The District Judge sentenced Vaughn to time served

(approximately one month) followed by 3 years of supervised release. Vaughn began her supervised

release term on September 9, 2009.

The United States Probation Office (USPO) issued a Supervised Release Violation Report

on April 23, 2010 and secured a warrant from the District Judge. *See* DE #93 (Order). Defendant

appeared for initial proceedings under Federal Rule of Criminal Procedure 32.1 on May 24, 2010.

*See* DE #96 (Minute Entry).

At a final hearing, Defendant competently entered a knowing, voluntary, and intelligent

stipulation to some of the Report's charges, after the Court afforded Vaughn all rights due under

Rule 32.1 and 18 U.S.C. § 3583.[1] The parties offered a non-binding recommendation as part of the

---

[1]

The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived.
*See* DE #96 (Minute Entry). The Court thus set and conducted a final hearing. Vaughn validly
stipulated to part of the content of the Report, and the Court offered the parties the opportunity to

stipulation.

The Report alleges that, on April 8, 2010, Vaughn submitted a urine sample that tested positive for Benzodiazepines. Then, on April 21, 2010, Defendant again tested positive, this time for Oxycodone and Benzodiazepines. Additionally, Vaughn failed to attend required counseling sessions on seven separate occasions. At the final Rule 32.1 hearing, Vaughn validly conceded the alleged drug use and failure to attend treatment as directed. The conduct confessed would violate the Judgment's restriction against controlled substance use, s*ee* DE #87 (Judgment), and an additional condition requiring Defendant to participate in substance abuse and mental health counseling. *See* DE #90 (Order granting conditions modification). Defendant accepted responsibility at the final hearing and stipulated that, in the supervised-release context, both violations occurred as described. The stipulation and record, including the lab-verified test results appended to the Report, establish the violative conduct under Rule 32.1 and § 3583.[2]

The United States's non-binding recommendation sought a 6-month term of imprisonment followed by 18 months of supervised release. Defendant did not object to that recommendation. The Court also heard argument from both sides.

The Court has evaluated the full record, including the Report packet and sentencing materials

present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of her right of allocution before the District Judge.

At the initial appearance, the Court also considered interim detention. The United States sought detention, and in the Court's assessment, Vaughn failed to carry the heavy release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that she would not flee or pose a danger if released during the interim. *See id*.

[2]

The United States moved to dismiss Violation #2, the criminal conduct of controlled substance possession elementally established by drug usage. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).

from the underlying Judgment in this District. The Court has considered all of the § 3553 factors

imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[3] hinges on

the gravity of the underlying offense of conviction. Vaughn's Title 21 conviction is for a Class D

felony. *See* 21 U.S.C. § 841(a)(1); *id.* § 841(b)(1)(D) (version in effect in May 2008); 18 U.S.C. §

3559. For a Class D felony, the maximum revocation sentence provided under § 3583 is two (2)

years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the

Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the

time of original sentencing) and the "grade" of the particular violation proven. *See United States v.*

*Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found

in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment,

U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district

court before sentence is imposed.") (citation omitted). Under § 7B1.1(a)(2), and with Violation #2

dismissed on the Government's motion, the nature of Defendant's admitted conduct would qualify

as a Grade C violation. With a criminal history category of II (the category at the time of the

conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table

of Chapter 7, is 4-10 months.

A court also may reimpose supervised release, following revocation, for a maximum period

that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C.

§ 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by

---

[3]

The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which
Defendant's stipulation and the proffered corroborating evidence (including the USPO Report and
lab results) obviously satisfy.

statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. §

3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided."

*See id.* § 3583(b). In this instance, the potential reimposed supervised release term is not less than

24 months, less any term of imposed upon revocation. *See* 21 U.S.C. § 841(b)(1)(D). The potential

reimposed supervised release term has no durational cap, because the offense of conviction carried

a supervised release term of "at least 2 years." *See id.* Such language typically yields a finding of

**no** statutory maximum. *See, e.g., United States v. Rogers*, 382 F.3d 648, 652 (7th Cir. 2004)

(recognizing that "life sentence of supervised release" is conceivable under Class A drug felony, for

which statutory punishment of § 841(b)(1)(A) required "at least 5 years" of supervised release); *see*

*also United States v. Samour*, 199 F.3d 821, 824 n.2 (6th Cir. 1999) (noting that 21 U.S.C. §

841(b)(1)(C), which calls for "at least 3 years" of supervised release, "establishes a minimum, not

a maximum").

The Court has carefully weighed the nature and circumstances of the offense[4] and Defendant's

particular history and characteristics. Vaughn fully admits to continued improper use of controlled

substances during her term of supervised release, as confirmed by two positive drug screens in April

2010. Earlier in this case, and pre-trial, the Court revoked Defendant's bond due to a positive drug

screen within less than four months of Vaughn's arraignment and release. Thus, Vaughn has

exhibited a pattern of continued drug use despite USPO monitoring and Court oversight. Defendant's

---

[4]

    The Guidelines suggest that the *primary* wrong in the supervised release context is violation
of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See*
Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach
of trust, while taking into account, to a limited degree, the seriousness of the underlying violation
and the criminal history of the violator."). This observation does not detract from but rather shapes
the Court's analysis of the statutory factor encompassing offense conduct.

failure to attend treatment, despite sentencing breaks from this Court, indicates a dire need to get Vaughn's attention now, before the pattern further escalates and Vaughn's young life further deteriorates. Defendant needs both correction and treatment. The Court designs a punishment that provides the opportunity for both.

Per the USPO Report and Defendant's own admissions, the Court, therefore, finds that Vaughn has violated two separate conditions of supervised release. As detailed above, Vaughn shows no ability to follow the Court's instructions and continues to engage in dangerous, prohibited behavior without deterrence from or responsiveness to USPO supervision.

The Court recommends, based on the violations found:

1.      Revocation[5] and incarceration for a term of 6 months, with Defendant to receive credit for all time in custody since execution of the warrant pertaining to this matter.

2.      Thereafter, Defendant immediately shall commence supervised release for a term of 18 additional months. The release terms shall be those previously imposed by Judge Van Tatenhove. Additionally, the USPO shall have discretion – based on the USPO's experience and on Vaughn's expressed attitude toward treatment at the time – to enroll Defendant in inpatient drug treatment following release, and Vaughn must cooperate and comply with such treatment if effected by the USPO.

After consideration of the entirety of Chapter 7, and applying the binding statutory factors in § 3553, the Court views the recommended sentence as sufficient but not greater than necessary to effectuate and comply with the statute's purposes. The Court carefully took the views of the United

---

[5]

Vaughn's treatment defaults and history would foreclose any revocation exception under § 3583(d). The defense did not advocate for an exception from § 3583(g) mandatory detention.

States and defense into account in reaching this result, and the revocation term reflects an effort to awaken Defendant to her legal obligations while promptly giving her access to treatment. The result is within the Guideline range and is a reasonable result that honors the sentencing factors. Further, Defendant is too dangerous and unstable to be without post-revocation supervision.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, circulated at the hearing.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 1st day of June, 2010.

Signed By:

*Robert E. Wier*  RЄW

United States Magistrate Judge